Filed 9/12/25  P. v. Rivera CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>ANGEL DAVID HERMOSILL RIVERA,<br><br>     Defendant and Appellant. | F086582<br><br>(Super. Ct. No. BF179868A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In 2023, appellant Angel David Hermosill Rivera was sentenced to prison for a determinate term of 18 years four months.  His prison sentence was the result of the following convictions he received for twice forcibly raping a woman in 2020:

1.      Count 1—sexual penetration with force during the first incident (Pen. Code, § 289, subd. (a)(1)(A))[1];

2.      Count 2—attempted forcible oral copulation during the first incident (§§ 664, 287, subd. (c)(2)(A));

3.      Count 3—assault with intent to commit rape by force or fear during the first incident (§§ 220, 261, subd. (a)(2));

4.      Count 4—sexual battery during the first incident (§ 243.4, subd. (a));

5.      Count 6—sexual penetration with force during the second incident (§ 289, subd. (a)(1)(A));

6.      Count 7—assault with intent to commit rape by force or fear during the second incident (§§ 220, 261, subd. (a)(2));[2] and

7.      Count 8—sexual battery during the second incident (§ 243.4, subd. (a)).

In the present appeal, appellant raises two issues.  He contends the trial court erred regarding how it handled his posttrial request for (1) appointment of new counsel under *People v. Marsden* (1970) 2 Cal.3d 118 and (2) for self-representation under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).  We affirm.

# BACKGROUND

Appellant does not challenge the sufficiency of the evidence supporting his convictions.  He also does not challenge the legality of the sentences imposed against him.  We summarize the relevant trial evidence.

---

[1]      All future statutory references are to the Penal Code unless otherwise noted.

[2]      In count 5, the jury found appellant not guilty of attempted forcible oral copulation during the second incident (§§ 664, 287, subd. (c)(2)(A)).

## I.     The Sexual Assault.

At trial, the prosecutor established that appellant sexually assaulted the victim, a woman he did not know.  The victim was transient and living in the streets when these assaults occurred in 2020.

Appellant surprised the victim while she was asleep in a carport.  She was awakened as he tried to push her head to his penis, which was exposed.  She pulled away and said, "No."  The victim attempted to resist appellant, who managed to get her pants unbuttoned.  He penetrated her vagina with both his fingers and then his penis.  He also penetrated her anus with his fingers and then his penis.  Appellant used his weight to keep the victim on the ground, who attempted to resist him.  She was crying and begging him to stop.  The victim was unsure if appellant ever ejaculated.  He walked away from her after apparently hearing a vehicle nearby.

About five or 10 minutes later, appellant returned to the carport, where the victim had remained.  She had not left because she did not know what to do and she did not have anywhere to go.  He began licking and kissing her breasts.  He again touched her anus with his fingers and again inserted his penis into her anus.  She froze and did not resist him this time.  She felt like there was nothing she could do to stop him.

During this second assault, the victim began to defecate uncontrollably, which eventually caused appellant to stop.  He tried to wipe himself with his clothes, and he walked away.

## II.    Forensic Evidence Linked the Victim to Appellant.

Shortly after this assault, a passerby found the victim and offered her aid.  A short time later, law enforcement was summoned.

The victim gave law enforcement a detailed description of her assailant.  Not long after, law enforcement located appellant in the area and apprehended him.  An in-field show up occurred, and the victim identified appellant as her assailant.  She was extremely confident in her identification.

Law enforcement collected swab samples from both appellant and the victim. A deoxynucleic acid (DNA) analysis was conducted on a sample taken from appellant's left hand. The resulting DNA profile indicated a mixture from at least three contributors, and the victim could not be excluded. According to the prosecution's expert, a match between the victim's DNA and the sample taken from appellant's hand was trillions of times more likely than a coincidental match to a random, unrelated individual.

At trial, the victim identified appellant as the man who had raped her.

## III.    The Relevant Procedural History.

The procedural history of this matter is crucial to understanding and resolving the *Marsden* and *Faretta* claims that appellant raises on appeal.

This criminal matter was initiated against appellant in January 2020. Throughout the course of the proceedings below, appellant was represented by four different appointed attorneys. Prior to trial, concerns were twice raised regarding appellant's competency.

In March 2021, one of appellant's prior appointed attorneys declared a doubt under section 1368, and the proceedings were suspended. Following submission of reports from court-appointed mental health experts, the trial court found appellant competent. Criminal proceedings were reinstated in April 2021.

A second pretrial competency suspension occurred in February 2022, this time raised by appellant's fourth appointed attorney. After receiving new expert reports, the trial court again found appellant competent to stand trial, and criminal proceedings were reinstated that month.

On June 30, 2022, the jury was impaneled. Appellant was represented at trial by the fourth appointed attorney. The jury reached its verdicts on July 15, 2022.

On September 14, 2022, a hearing occurred which is the foundation of this appeal. This hearing occurred after the jury rendered its guilty verdicts, but before sentencing. Appellant asked the trial court to discharge his fourth appointed attorney. The court

4.

started a *Marsden* hearing, and the court cautioned appellant against discharging his counsel. Appellant then expressed a desire to represent himself. The court cautioned appellant against self-representation, citing the complexity of the upcoming sentencing issues.

During the hearing on September 14, 2022, the trial court asked appellant if he wanted to talk to his attorney, and appellant responded, "Yeah." After appellant and his counsel conferred privately, his fourth appointed attorney told the court that she wanted to respond to appellant's complaints but, during their conversation, appellant had said certain things that had caused her concern. She declared a new doubt regarding appellant's competency. Without any further dialogue or questioning from the court, the court stated that the proceedings would be suspended, and it appointed two doctors to evaluate appellant. Neither the *Marsden* nor the *Faretta* requests were resolved.

On October 5, 2022, the trial court found appellant competent, and the criminal proceedings were reinstated. The court's findings were based on the reports of the two appointed experts. Once the proceedings were reinstated, appellant told the court that he was unwilling to waive time for sentencing. Nothing was mentioned about the prior *Marsden* or *Faretta* issues. The same appointed counsel continued to represent appellant.

Over the next nine months, appellant appeared in court at least six times, including the sentencing that occurred on June 27, 2023. His fourth appointed counsel continued to represent him. At no point over those nine months did appellant or his counsel ever reraise the *Marsden* or *Faretta* issues.

At sentencing, appellant requested a new trial. He claimed that he had received ineffective assistance of counsel at trial. The trial court denied that motion.

## DISCUSSION

### I. The *Marsden* Claim Was Abandoned.

Appellant contends the trial court erred in how it handled his *Marsden* motion on September 14, 2022, and he seeks a remand for the hearing to be completed. Respondent

concedes that error occurred because the *Marsden* hearing was never completed. However, respondent argues that this claim fails because appellant ultimately abandoned his *Marsden* request. We agree.

Two opinions demonstrate why it is appropriate to find abandonment. First, in *People v. Jones* (2012) 210 Cal.App.4th 355 (*Jones*), the defendant requested a *Marsden* hearing before trial, but the hearing was repeatedly continued and never held. Despite numerous court appearances thereafter, the defendant never renewed the motion or brought the oversight to the court's attention. (*Id.* at pp. 360–361.) The appellate court held that the failure to reassert the *Marsden* request before trial amounted to abandonment and, thus, forfeiture. (*Id*. at p. 362.)

Second, in *People v. Vera* (2004) 122 Cal.App.4th 970, the trial court conducted a partial *Marsden* hearing but failed to inquire into and evaluate each of the defendant's claims. When later invited to renew the *Marsden* motion, the defendant declined to do so. The appellate court concluded that the defendant's silence and inaction amounted to abandonment. (*Vera*, at pp. 981–982.)

*Jones* and *Vera* demonstrate why appellant's present claim fails. Following reinstatement of criminal proceedings on October 5, 2022, appellant made no effort to revisit his *Marsden* request. Over a nine-month period, he appeared in court at least six times with the same appointed counsel, voiced no objection, and made no attempt to renew his motion. This prolonged inaction amply shows his acquiescence to his counsel's continued representation.

Appellant argues that renewing his *Marsden* request would have been futile. He contends that the trial court implicitly rejected his request by (1) suspending proceedings without resolving the motion; (2) failing to solicit a response from defense counsel; and (3) exhibiting a broader pattern of dismissiveness toward his efforts at self-representation. He asserts that the court's conduct gave the appearance of siding with appointed counsel, which rendered any renewed request pointless.

6.

We disagree that this record demonstrates futility, which is an exception to the forfeiture doctrine. (*People v. Hill* (1998) 17 Cal.4th 800, 820.) This exception is narrowly construed. (See *People v. Jaime* (2023) 91 Cal.App.5th 941, 946 [futility exception applies "only in unusual or extreme circumstances" . . .].)

The trial court commenced the *Marsden* hearing and permitted appellant to express his concerns. The proceedings were suspended after defense counsel raised a doubt about appellant's competency. There was no ruling—implicit or otherwise—denying the *Marsden* request. Appellant does not cite to any specific evidence in the record demonstrating or even reasonably suggesting that the court would have denied a renewed *Marsden* request had it been raised. Indeed, appellant had multiple opportunities to raise the issue again once proceedings resumed on October 5, 2022, but he chose not to do so. Under these circumstances, this record supports a finding of abandonment, not futility.

Appellant's reliance on *People v. Armijo* (2017) 10 Cal.App.5th 1171 is misplaced. There, the defendant negotiated a plea agreement, and he was convicted and sentenced to prison. (*Id.* at p. 1177.) Prior to his plea agreement, the defendant personally submitted a letter to the trial court requesting new appointed counsel. The court failed to acknowledge or address the letter. (*Id.* at pp. 1179–1180.) On appeal, the appellate court declined to find abandonment of that *Marsden* request. A *Marsden* hearing never occurred, and nothing showed that defense counsel ever had knowledge of the written request. Moreover, it was "quite possible" the defendant may have mistakenly believed the trial court had denied his request, which could explain why he did not pursue it further. (*Id.* at pp. 1182–1183.)

The circumstances in *Armijo* bear little resemblance to the record before us. Unlike in *Armijo*, appellant did not submit a written request for substitute counsel, which the trial court ignored. Rather, appellant made an oral *Marsden* request on September 14, 2022, and—unlike the defendant in *Armijo*—the court started a *Marsden* hearing, giving

7.

appellant an opportunity to explain his grievances.  However, defense counsel raised a doubt as to appellant's competency, resulting in a suspension of the criminal proceedings. Once criminal proceedings were reinstated on October 5, 2022, appellant made no effort to renew his request, seek clarification, or object in any way to continued representation by the same attorney.  Unlike in *Armijo*, appellant's counsel was fully aware of his prior and unresolved *Marsden* claim.  *Armijo* is distinguishable, and it does not compel reversal.

Finally, appellant previously litigated a *Marsden* motion successfully in this same proceeding, resulting in the appointment of new counsel.  His demonstrated familiarity with the process undercuts any claim of confusion.  Appellant's complete failure to act over a nine-month period—despite repeated appearances in court with the same appointed counsel—indicates abandonment of his intent to discharge that counsel, not futility or misunderstanding.

Because appellant took no steps to pursue his *Marsden* motion after being found competent, this record amply demonstrates abandonment, which renders this claim meritless.  (See *Jones, supra,* 210 Cal.App.4th at p. 362 [forfeiture may be applied from abandonment of a claim].)  As a result, we need not address whether the trial court erred in how it conducted the *Marsden* hearing on September 14, 2022.

## II.    The *Faretta* Claim was Abandoned.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to self-representation.  (*Faretta, supra,* 422 U.S. at pp. 820–821.) Defendants who voluntarily and intelligently invoke this right must generally be permitted to represent themselves at trial.  However, once trial has begun, the right to self-representation is no longer absolute.  Rather, posttrial requests for self-representation are left to the trial court's discretion and may be denied based on the totality of the circumstances.  (*People v. Windham* (1977) 19 Cal.3d 121, 128–129.)

In this matter, appellant asked to represent himself during the *Marsden* hearing on September 14, 2022. That request was left unresolved once defense counsel raised a doubt regarding appellant's competency.

Appellant contends the trial court erred by failing to rule on his *Faretta* motion. He argues the court abused its discretion by suspending proceedings based solely on defense counsel's bare assertion that appellant appeared incompetent. Appellant also claims the court failed to make a proper record, and he seeks a remand to complete the *Faretta* inquiry. Additionally, he asserts that further pursuit of the *Faretta* request was futile in light of the court's overall conduct.

We reject these arguments. As with the *Marsden* issue, appellant abandoned his *Faretta* rights by not pursuing them below, and we reject appellant's assertion of futility. He appeared in court on multiple occasions over a period of nine months. Despite these numerous opportunities, he never objected to appointed counsel continuing to represent him throughout the remaining proceedings, including sentencing. Nothing in this record establishes or even reasonably suggests that renewal of his *Faretta* rights would have been pointless.

Our finding of abandonment is supported by precedent. Once a *Faretta* right is asserted, it may be subsequently waived. (*McKaskle v. Wiggins* (1984) 465 U.S. 168, 182.) In *McKaskle v. Wiggins*, the trial court appointed standby counsel for a self-represented defendant. The United States Supreme Court concluded that the defendant, who had acquiesced in standby counsel's participation at various points during the trial, could not complain on appeal that he was denied his right to represent himself at those points. (*Id.* at pp. 182–183.)

In *People v. Stanley* (2006) 39 Cal.4th 913, the defendant initially sought self-representation, which the trial court denied. (*Id.* at p. 930–931.) The defendant ultimately accepted the substitution of appointed counsel, who went on to represent him at the preliminary hearing and throughout the trial. The defendant also accepted the

appointment of second counsel, who assisted at trial. (*Id.* at p. 933.) The California Supreme Court held that the defendant abandoned his *Faretta* rights based on his acceptance of the two attorneys and his failure to ever renew his request for self-representation. (*Ibid.*)

These opinions are instructive and we follow them. Appellant's failure to renew the *Faretta* issue—despite months of opportunity to do so—compels the conclusion that his *Faretta* request was abandoned. Consequently, we need not address whether the trial court erred, including whether substantial evidence supported the decision to suspend criminal proceedings in 2022 or whether the court should have ruled on the posttrial *Faretta* motion. Any potential error has no bearing on our analysis.

## **DISPOSITION**

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:

DETJEN, J.

FAIN, J.*

---

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10.